**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

ADRIAN MOULTRY,

    Petitioner,

v.

WARDEN SUZANNE HASTINGS,

    Respondent.

CIVIL ACTION NO.: 2:14-cv-165

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Adrian Moultry ("Moultry"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Response in Opposition, (doc. 8), and Moultry filed a Traverse. (Doc. 10.) For the reasons which follow, it is my **RECOMMENDATION** that Moultry's Section 2241 Petition be **DISMISSED** and this case be **CLOSED**. It is also my **RECOMMENDATION** that Moultry be **DENIED** a Certificate of Appealability and be **DENIED** *in forma pauperis* status on appeal.

### BACKGROUND

Moultry was indicted in the Middle District of Alabama in November 2003 on three (3) felony counts: 1) possessing five grams or more of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); 2) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and 3) using, carrying, and possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 8, pp. 1–2.) Moultry pleaded guilty to these three (3) counts based on a plea agreement with the Government. (Id. at

p. 2.) The Middle District of Alabama determined Moultry is an armed career criminal based on ten (10) prior convictions for third-degree burglary under Alabama law. (Id.) Accordingly, Moultry was subject to an enhanced sentence, which was a mandatory minimum sentence of 15 years' imprisonment, under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[1] Moultry was sentenced to 132 months' imprisonment, to be served concurrently, on the drug and felon-in-possession charges and to a mandatory 60 months' imprisonment, to be served consecutively, on the Section 924(c) count. (Doc. 8-1, p. 9.) Moultry did not file an appeal. (Id. & at p. 10.)

Moultry filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Middle District of Alabama on January 30, 2006. (Doc. 8-2, p. 3.) Moultry asserted his trial counsel was ineffective because counsel failed to advise him properly about the

---

[1] The ACCA provides, in relevant part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
>
> As used in this subsection—
>
> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. §§ 924(e)(1) & (2)(B).

sentence he could receive and did not file a timely motion to allow Moultry to be sentenced below the Guidelines' range. (Doc. 8-4, p. 5.) Moultry also asserted the Guidelines were not mandatory and to sentence him as though they were was plain error. (Id.) Moultry objected to the use of his prior convictions as predicate offenses under the ACCA. (Id.) According to Moultry, his sentence would have been different had his counsel objected to the use of his prior convictions to enhance his sentence under Section 924(e). (Id. at p. 11.) Moultry's Section 2255 motion was denied in 2007, and the district court and the Eleventh Circuit Court of Appeals denied Moultry a certificate of appealability. (Doc. 8, p. 3.)

## DISCUSSION

In his current Petition, which was filed on November 3, 2014, Moultry contends he was illegally convicted as an armed career criminal under 18 U.S.C. § 924(e), even though he does not have three (3) prior convictions which are violent felonies or serious drug offenses. (Doc. 1, p. 3.) According to Moultry, Circuit precedent foreclosed his arguments on earlier occasions, which is why he has not asserted these claims previously. (Id. at p. 4.) Moultry avers the United States Supreme Court issued its opinion in Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276 (June 20, 2013), after he filed his first Section 2255 motion, and the Descamps decision overruled Circuit precedent which had foreclosed his claims. Moultry asserts Descamps applies retroactively to cases on collateral review. Moultry maintains he was sentenced beyond the statutory maximum sentence he should have received. (Id. at p. 6.) In addition to Descamps, Moultry cites to United States v. Jones, 743 U.S. 826 (11th Cir. 2014), and United States v. Howard, 742 F.3d 1334 (11th Cir. 2014), as support for his contentions.

Respondent asserts Moultry cannot satisfy Section 2255(e)'s savings clause, and his petition must be dismissed as a result. Specifically, Respondent maintains Moultry cannot show

3

that, at the time of his sentencing, direct appeal, and first Section 2255 motion, binding Eleventh Circuit precedent squarely foreclosed his argument that a conviction under Alabama's third-degree burglary statute did not qualify as an ACCA predicate. (Doc. 8, p. 6.)

**I.      Whether Moultry can Proceed Pursuant to Section 2241**

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014).

The United States Court of Appeals for the Eleventh Circuit provides two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision .

4

. . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (internal citation and punctuation omitted). However, Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

In Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253 (11th Cir. 2013), the Eleventh Circuit determined whether the savings clause of Section 2255(e) permits a federal prisoner to bring a Section 2241 petition when he establishes his sentence exceeds the statutory maximum penalty. 738 F.3d at 1256. The Eleventh Circuit stated that, in order for a petitioner to show that his prior Section 2255 motion was "inadequate or ineffective to test the legality of his detention," he must establish that:

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [his] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [his] § 924(e) claim that he was erroneously sentenced above the 10–year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in Begay [v. United States, 553 U.S. 137 (2008)], as extended by this Court to [the petitioner's] distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed [his] § 924(e) claim; (3) the new rule

5

> announced in Begay applies retroactively on collateral review; (4) as a result of Begay's new rule being retroactive, [the petitioner's] current sentence exceeds the . . . statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)-Begay error claim of illegal detention above the statutory maximum penalty [authorized].

Bryant, 738 F.3d at 1274 (11th Cir. 2013). A petitioner must satisfy all five (5) of these requirements to obtain relief under Bryant. Under Bryant, Moultry must establish that the rules announced in the cases upon which he relies, Howard, Jones, and Descamps, apply retroactively to cases on collateral review.

In determining whether a new rule announced by the United States Supreme Court is retroactively applicable for purposes of a first § 2255 motion or a subsequent § 2241 petition brought under § 2255(e), the Eleventh Circuit distinguishes substantive rules from procedural rules. New substantive rules "generally apply retroactively on collateral review." Bryant, 738 F.3d at 1277 (citing Schriro v. Summerlin, 542 U.S. 348, 351–52 (2004)). New rules are substantive if they "narrow the scope of a criminal statute by interpreting its terms" or amount to "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." Id.

In contrast, procedural rules are only retroactive if they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Id. (also noting that this class of rules is "extremely narrow"). A new rule is procedural if it "regulates only the manner of determining the defendant's culpability," and such rules "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. (quotations omitted).

6

Moultry has unsuccessfully attacked his conviction and sentence under the ACCA in a collateral proceeding.[2] (Doc. 8-4, pp. 11, 14–16, 21–22.) The Eleventh Circuit determined in Bryant that Begay had introduced a retroactively applicable substantive rule, because the Supreme Court had interpreted the term "violent felony" in such a way that narrowed the scope of its application in sentencing under the ACCA. Bryant, 738 F.3d at 1277. However, the rule in Descamps is procedural rather than substantive. The Supreme Court held in Descamps that, in determining whether a conviction under a state criminal statute could count as an ACCA predicate offense, a court could not apply a "modified categorical approach" to the elements of the state statute if that statute included "non-divisible" elements that made it broader than the generic crime enumerated in the ACCA. ___ U.S. at ___, 133 S. Ct. at 2283. This rule dictates the "manner of determining culpability" under the ACCA and does not "narrow the scope of a criminal statute by interpreting its terms." Bryant, 738 F.3d at 1277 (quoting Schriro, 542 U.S. at 351–52). As such, it is a procedural rule. The Supreme Court did not indicate that the new rule in Descamps was a "watershed rule for criminal procedure," and this Court has not found any other decisions concluding that it is.

Furthermore, Moultry (who bears the burden of establishing retroactivity) has not presented any cases finding the rule in Descamps to be retroactively applicable as a substantive rule or as a new "watershed" procedural rule. Thus, as the Eleventh Circuit and several other district courts have held, the rule announced in Descamps is not retroactively applicable to cases on collateral review. King v. United States, No. 13-13693, 2015 WL 1898394, at *4 (11th Cir.

---

[2] In his Section 2255 motion, Moultry asserted he was entitled to a hearing to ascertain which documents the trial judge reviewed when considering Moultry's prior convictions in light of the then-recent decision in Shepard v. United States, 544 U.S. 13 (2005). (Doc. 8-4, p. 14.) The Descamps court relied on the Shepard decision in making its determination whether a conviction under state law counts as a predicate offense under the ACCA. ___ U.S. at ___, 133 S. Ct at 2284–88. The Court notes Moultry's previously urged contentions to observe he could have—and did—raise the same issues he raises in this Petition on an earlier occasion.

Apr. 28, 2015) (finding that the Descamps decision "merely applied prior precedent to reaffirm that courts may not use the modified categorical approach to determine whether convictions under indivisible statutes are predicate ACCA violent felonies."); United States v. Upshaw, Nos. 4:02-cr-3, 4:14-cv-278, 2014 WL 3385118, at *2 (N.D. Fla. July 9, 2014) (the Supreme Court has not declared Descamps to be retroactively applicable to cases on collateral review); Williams v. Ziegler, 5:12-cv-00398, 2014 WL 201713, at *2 n.3 (S.D. W.Va. Jan. 17, 2014) (case law indicates that Descamps is not retroactively applicable to cases on collateral review) (citing United States v. Sanders, 4:03-CR-154, 2013 WL 5707808, at *2 n.25) (N.D. Ohio) (Oct. 18, 2013), and Landry v. United States, A-13-CV-715 LY, 2013 WL 5555122, at *2 (W.D. Tex.)(Oct. 4, 2013)); United States v. Copeland, 08-CR-0137, 2014 WL 63933, at *2 (N.D. Okla.) (Jan. 8, 2014) (Supreme Court did not make Descamps retroactively applicable to cases on collateral review and does not provide a basis for a movant to file a second or successive § 2255 motion); Newton v. Pearce, No. A-13-CA-943 SS, 2013 WL 6230622, at *3 (W.D. Tex.) (Dec. 2, 2013) (Supreme Court has not made decision in Descamps retroactively applicable to cases on collateral review, and the court was unable to find any lower courts applying this decision retroactively to cases on collateral review); Roscoe v. United States, 2:11-CR-37-JHH-RRA, 2:13-CV-8006-JHH, 2013 WL 5636686, at *11 (N.D. Ala.) (Oct. 16, 2013) (Supreme Court has not declared Descamps retroactively applicable to cases on collateral review); and Reed v. United States, 8:13-cv-2401-T-24-TGW, 2013 WL 5567703, at *3 (M.D. Fla.) (Oct. 9, 2013) (Descamps not declared to be retroactively applicable to permit a successive § 2255 motion). Having determined that Descamps is not retroactively applicable to cases on collateral review, and therefore, does not entitle Moultry to relief, the Court now addresses the Howard and Jones decisions and their applicability to Moultry's Petition.

As stated above, under the ACCA, a person convicted under 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years' imprisonment if he has three prior convictions for a violent felony or serious drug offense, committed on different occasions. 18 U.S.C. § 924(e)(1). However, merely because a state conviction is labeled as "burglary" does not automatically qualify it as a "violent felony" under the ACCA.[3] Rather, "[a]s the [ACCA] has been interpreted, a conviction for 'generic burglary' counts as a violent felony, while a conviction for 'non-generic burglary' does not." United States v. Rainer, 616 F.3d 1212, 1213 (11th Cir. 2010), *abrogated on other grounds by* Howard, 742 F.3d 1334. A "generic" burglary is "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990). A "non-generic" burglary is one that "do[es] not include all of the elements essential to generic burglaries," including burglaries of boats, automobiles, and other non-buildings. Rainer, 616 F.3d at 1214.

In Howard, the Eleventh Circuit assessed whether the defendant's conviction under Alabama's third-degree burglary statute qualified as a generic burglary and thus a predicate violent felony under the ACCA. The Eleventh Circuit noted "[t]he elements of generic burglary under the ACCA are: (1) 'an unlawful or unprivileged entry into, or remaining in,' (2) 'a building or other structure,' (3) 'with intent to commit a crime.'" Id. at 1348 (quoting

---

[3] This point underscores Respondent's assertion that Moultry fails to satisfy the first of the Bryant prongs because he cannot show that, at the time of his sentencing, time for direct appeal, or his first Section 2255 motion that binding Eleventh Circuit precedent squarely foreclosed his argument that his burglary convictions under Alabama law did not qualify as ACCA predicate offenses. (Doc. 8, p. 6.) Respondent asserts that the Rainer decision, which was rendered in 2010, answered the question, but that was after Moultry's sentencing in 2005 and first Section 2255 motion in 2006. In line with the Bryant court's observation and Respondent's assertion, the Court observes Moultry cannot proceed pursuant to the savings clause if he cannot show that, at the time of his Section 2255 proceeding, no Eleventh Circuit precedent squarely held that burglary convictions under Alabama Code Section 13A-7-7 was a violent felony for ACCA purposes. Bryant, 738 F.3d at 1272.

9

Taylor, 495 U.S. at 598). The Alabama statute that the defendant in Howard was convicted under provides: "[a] person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." ALA. CODE § 13A–7–7. The term "building" is defined under Alabama law as:

> Any structure which may be entered and utilized by persons for business, public use, lodging or the storage of goods, and such term includes any vehicle, aircraft[,] or watercraft used for the lodging of persons or carrying on business therein, and such term includes any railroad box car or other rail equipment or trailer or tractor trailer or combination thereof.

ALA. CODE § 13A–7–1(2) (emphasis supplied).

The Eleventh Circuit first determined that this statute did not qualify as generic burglary under the categorical approach because the elements of the offense were not the same as, or narrower than, those of the generic offense. Howard, 742 F.3d at 1348. Specifically, the court held, "A number of those things included in the definition of 'building' (such as vehicles and watercraft) fall outside the 'building or structure' element of generic burglary, making the [Alabama third-degree] burglary statute non-generic." Id. (citing Rainer, 616 F.3d at 1215).

The Howard court then went on to assess whether the statute was divisible and, therefore, able to be assessed under the modified categorical approach. The court noted that under Descamps, the "key to determining divisibility . . . is whether the statute sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile." Id. (internal citation omitted) (emphasis in original). The Alabama statute contains nothing "suggest[ing] its definition of 'building' is drafted in the alternative." Id. "The items that follow each use of the word 'includes' in the statute are non-exhaustive examples of items that qualify as a 'structure' and thus count as a 'building' under . . . § 13A–7–1(2). . . . The statutory definition of 'building' does not say what is not included. In

10

light of the Descamps decision, illustrative examples are not alternative elements." Id. (internal citations omitted). Thus, the Eleventh Circuit's determination that Alabama's third-degree burglary statute, § 13A-7-7, is a non-generic and indivisible statute means that a conviction under this statute "cannot qualify as a generic burglary under the ACCA." Id. at 1349.

The Court notes that, under Howard, Moultry's convictions for burglary would not qualify as predicate offenses under the ACCA in the context of a direct appeal; however, that decision does not assist Moultry in the instant collateral proceeding. Howard was decided in the context of a direct appeal, not a collateral proceeding. Additionally, as a decision of the Eleventh Circuit, Howard cannot satisfy the Bryant criteria for showing entitlement to proceed pursuant to Section 2241. Likewise, Jones was decided in the context of a direct appeal and is a decision rendered by the Eleventh Circuit. 743 F.3d at 827. These Eleventh Circuit decisions, though undoubtedly controlling precedent, do not provide Moultry with his requested relief.

Moultry previously brought a Section 2255 motion in his district of conviction. "The mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Peddi v. Hobbs, No. 98-2994, 1999 WL 976242, at *2 (11th Cir. Oct. 27, 1999). It appears that Moultry is attempting to bring a second or successive Section 2255 motion pursuant to Section 2255(h), which provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

11

Because Moultry relies upon Descamps, Howard, and Jones, his claims are not based upon any retroactively applicable Supreme Court decision; thus, he does not fulfill the first condition to invoke the savings clause or to proceed under Section 2255(h). Moultry does not satisfy the savings clause, and the Court need not address the relative merits of his Section 2241 petition. Because Moultry has not satisfied the requirements of Section 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005). Based on these reasons, Moultry's Section 2241 Petition should be **DISMISSED**.

**II.     Leave to Appeal *In Forma Pauperis* and Certificate of Appealability**

The Court should also deny Moultry leave to appeal *in forma pauperis,* and he should be denied a Certificate of Appealability ("COA"). Though Moultry has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Thomas v. Crosby, 371 F.3d 782, 797 (11th Cir. 2004) (Tjoflat, J., specially concurring) ("A district court may *sua sponte* grant or deny a COA at the same time it rules on the merits of a habeas petition or rejects it on procedural grounds. This is arguably the best time for a district judge to decide this matter because the issues are still fresh in [the district court's] mind."); Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal); Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not

proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Moultry's petition and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Moultry's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), be **DISMISSED** and this case be **CLOSED**. I further **RECOMMEND** that Moultry be **DENIED** leave to proceed *in forma pauperis* on appeal and a Certificate of Appealability.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. The

Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Simmons and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 26th day of August, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA